**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37938**

| | | |
|---|---|---|
| **MONTE GEORGE HOFFMAN,** | ) | **2012 Opinion No. 28** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 11, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment summarily dismissing post-conviction petition, <u>affirmed in part</u>, <u>vacated in part</u>, and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

___

SCHWARTZMAN, Judge Pro Tem

Monte George Hoffman appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm the judgment in part, vacate the judgment in part, and remand the case.

## I.

## FACTS[1] AND PROCEDURE

While driving a borrowed vehicle he was considering purchasing, Hoffman was detained for allegedly driving with a broken headlight[2] and eventually charged with "several

___

[1] We are provided with only Hoffman's version of the facts in this case, as the State filed no substantive response below. Thus, for purposes of this appeal, we must accept Hoffman's assertions as true.

misdemeanors." After Hoffman was removed from the vehicle, and without obtaining consent or a warrant, officers searched the vehicle and found drug paraphernalia containing methamphetamine residue in the trunk. Hoffman was charged with possession of a controlled substance, Idaho Code § 37-2732(c)(1), as well as being a persistent violator, Idaho Code § 19-2514.

Hoffman was initially appointed a public defender, John Dewey, who filed neither a request for discovery nor or a motion to suppress any evidence. A week later, Hoffman retained private counsel, Mike Nielson. Nielson also did not file a request for discovery or a motion to suppress. Less than a week before trial was scheduled to commence, Nielson withdrew as counsel. The jury trial was vacated, and Hoffman was appointed a second public defender, Dave Martinez, who also did not file a request for discovery or a motion to suppress. While represented by Martinez, Hoffman entered a guilty plea to the possession charge. The persistent violator enhancement[3] was dismissed and the State agreed to recommend no more than a "rider."

Prior to sentencing, Hoffman retained new counsel, Kelly Mallard. The district court sentenced Hoffman to a unified term of six years imprisonment, with two years determinate, and retained jurisdiction. Immediately following the entry of the judgment of conviction, Mallard sent Hoffman a letter regarding his right to appeal. The district court later relinquished jurisdiction, but reduced Hoffman's sentence to a unified term of four years, with two years determinate, pursuant to an Idaho Criminal Rule 35 motion. No direct appeal of the judgment of conviction or sentence was filed.

Hoffman filed a timely petition and affidavit for post-conviction relief, raising, among other issues, allegations that each of his four attorneys had rendered ineffective assistance of counsel. Hoffman claimed his first three attorneys failed to request discovery, failed to file a motion to suppress, and coerced him into pleading guilty. He claimed Mallard failed to properly

---

[2]    In his petition, Hoffman contended he had backed out of a parking lot only minutes before being stopped, and while still in the parking lot noticed that both headlights were working.

[3]    It was alleged that Hoffman had two prior felony convictions for possession of a controlled substance, to-wit methamphetamine.

consult with him regarding the filing of an appeal and then failed to file an appeal upon his request. Hoffman requested appointment of post-conviction counsel, which the district court granted.

The State answered Hoffman's petition and moved for summary dismissal. Hoffman's post-conviction counsel filed a brief that merely restated Hoffman's claims and did not elaborate on or discuss Hoffman's original factual assertions. The district court entered an order vacating the scheduled hearing on the petition, stating it would "solely rely on filed pleadings from Petitioner and counsel to make a determination in regard to post conviction relief." However, in its notice of intent to dismiss Hoffman's claims, the district court indicated it "carefully reviewed" the "record in the underlying case" and gave Hoffman notice of its intent to summarily dismiss each of his claims.

Hoffman filed additional documents, offering further factual support for his claims, and informed the court that many documents he required to support his case were denied him by the prosecutor and his own counsel and, therefore, he was unable to submit them in support of his petition. The district court entered an order summarily dismissing Hoffman's petition for post-conviction relief, addressing Hoffman's additional verified pleadings and incorporating the analysis from its notice of intent to dismiss. Hoffman appeals the summary dismissal of his post-conviction petition.

## II.

## ANALYSIS

Hoffman asserts that the district court erred in holding that he failed to make a prima facie showing that counsel was ineffective for failing to file a motion to suppress, failing to request discovery, failing to properly consult with him as to the filing of a direct appeal, and failing to file a direct appeal. Hoffman further contends his plea was not entered knowingly, intelligently, or voluntarily due to ineffective assistance of counsel.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271,

3

61 P.3d 626, 628 (Ct. App. 2002). However, a petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). The petition must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of a petition is the procedural equivalent of summary judgment under Idaho Rule of Civil Procedure 56. A claim for post-conviction relief will be subject to summary dismissal if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims upon which the petitioner bears the burden of proof. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the petitioner's evidence has raised no genuine issue of material fact that, if resolved in the petitioner's favor, would entitle the petitioner to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). We determine whether a genuine issue of material fact exists based on the pleadings, depositions and admissions, together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323,

4

1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of "competence demanded of attorneys in criminal cases." *Strickland*, 466 U.S. at 687; *see also Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Because of the distorting effects of hindsight in reconstructing the circumstances of counsel's challenged conduct, there is a *strong presumption* that counsel's performance was within the wide range of reasonable professional assistance--that is, sound trial strategy. *Huck v. State*, 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct. App. 1993). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006).

## A. Failure to File Motion to Suppress Evidence

Hoffman contends the district court erred by summarily dismissing his claim that counsel was ineffective for failing to file a motion to suppress evidence found in the vehicle he was driving.[4] Specifically, he argues there existed grounds for suppression of evidence emanating from both the stop and the subsequent search, and he was prejudiced by this deficiency because there is a reasonable possibility that, but for counsel's deficient performance, he would not have pled guilty. The facts Hoffman alleged in support of his claim that a motion to suppress would have been viable include: (1) the headlight on the vehicle was operational, contrary to the officer's basis for the traffic stop, that the headlight was nonfunctioning, which culminated in the search; (2) Hoffman did not own the vehicle, but was merely test-driving it; (3) the search was conducted without the vehicle owner's or Hoffman's consent; (4) the search did not constitute a proper inventory search; (5) the search was conducted for "investigative" purposes rather than inventory purposes; (6) Hoffman had already been detained prior to the search of the trunk and

---

[4] Hoffman appears to allege that all four attorneys rendered ineffective assistance by failing to file a motion to suppress. However, Mallard did not represent Hoffman until after Hoffman entered his guilty plea and the time to file a motion to suppress had passed. Therefore, our analysis of this claim is applicable only to Hoffman's first three attorneys who are collectively referred to as "counsel."

5

was only being charged with several misdemeanors prior to discovery of drugs in the trunk; and (7) any evidence seized after Hoffman was detained should have been suppressed because it was not within his immediate reach.

The district court notified Hoffman of its intent to summarily dismiss the claim on the grounds that it was a conclusory allegation unsupported by a factual basis, was an issue that could have been raised on direct appeal and was not "cognizable" in post-conviction proceedings, and was waived because Hoffman did not raise this issue at the time he entered his guilty plea. Following a response by Hoffman, the court summarily dismissed the claim on the notified grounds.

On appeal, the State concedes Hoffman could not have raised this ineffective assistance of counsel claim as to the stop or the search on direct appeal and did not waive the claim by pleading guilty, and therefore, summary dismissal on either ground was erroneous. Further, the State concedes, as to a motion to suppress concerning the stop *only*, that pursuant to *Baldwin v. State*, 145 Idaho 148, 177 P.3d 362 (2008), Hoffman raised a genuine issue of material fact entitling him to an evidentiary hearing on whether there was reasonable, articulable suspicion to support the traffic stop.

To justify an evidentiary hearing, the petitioner must tender a factual showing based on evidence that would be admissible at the hearing. *Id*. at 155, 177 P.3d at 369; *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). The petitioner must support the petition with written statements from witnesses who are able to give testimony themselves as to facts within their knowledge or otherwise based upon verifiable information. *Baldwin*, 145 Idaho at 155, 177 P.3d at 369. Here, Hoffman presents his own affidavit describing his version of the stop and subsequent search. As the State concedes, Hoffman's affidavit sets forth facts that would be admissible at trial, and thus, we agree that the district court erred by summarily dismissing Hoffman's claim on the ground that Hoffman merely made conclusory allegations unsupported by a factual basis. We further agree that Hoffman's petition and affidavit presented facts that would entitle Hoffman to relief, if he were able to prove them at a hearing. Accordingly, we conclude the district court erred when it summarily dismissed the petition on this ground in regard to the legality of the stop.

The State does not, however, concede that Hoffman raised a genuine issue of fact as to whether counsel was ineffective for failing to file a motion to suppress based on an illegal

6

search, arguing Hoffman would not have succeeded on the merits of such a motion. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Boman,* 129 Idaho at 526, 927 P.2d at 916.

Hoffman asserted essentially two grounds in support of his claim that the search was illegal: (1) neither he nor the owner consented to the search; and (2) he was detained at the time of the search such that the contents of the vehicle were not within his reach. On appeal, the State argues that neither ground would form the basis of a viable motion to suppress. With respect to the first, the State argues that if the vehicle did not belong to Hoffman, as he asserts, he would not have standing to challenge the legality of the search. As to the second ground, the State argues this claim was based entirely on *Arizona v. Gant*, 556 U.S. 332, 351 (2009), where the Supreme Court held that for a search of a vehicle incident to arrest to be valid, the arrestee must be within reaching distance of the vehicle during the search or officers must have reason to believe the vehicle contains evidence relevant to the crime of arrest. However, the State maintains *Gant* was not decided until approximately six months after the judgment of conviction was entered in this case and could not have formed the basis of a motion to suppress.

The State is mistaken in its statements of the law as applicable to the facts alleged in this case. While it is true that even if a search is improper, only an individual with a privacy interest invaded by the search may obtain suppression of the evidence detected, *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978); *State v. Hanson*, 142 Idaho 711, 716, 132 P.3d 468, 473 (Ct. App. 2006), a defendant need not actually own the vehicle to have the requisite privacy interest. In *State v. Cutler*, 144 Idaho 272, 159 P.3d 909 (Ct. App. 2007), this Court recognized as much, noting that ownership of a vehicle is not required to find standing and adopting a totality of the circumstances inquiry that considers, among other factors, whether a driver had permission to use the vehicle. *Id*. at 274-75, 159 P.3d at 911-12. In his petition, Hoffman asserted he was taking the vehicle on a test-drive with the intent to possibly purchase it--the nature of which, as Hoffman points out, clearly implies he had permission from the owner to be driving the vehicle.

7

Accordingly, we cannot say that a suppression motion would necessarily fail for lack of standing, and therefore, summary dismissal was not appropriate.

Regarding the constitutionality of the search itself, we do not ascertain that Hoffman relied entirely on *Gant*, as asserted by the State. In his petition for post-conviction relief, Hoffman contended the search of the trunk was invalid because the "power to search passenger compartment after arrest does not extend to the trunk area." He then alleged he had already been detained for "several misdemeanors" prior to the search of the trunk and was not within reach of the vehicle. At the time of the search, the law governing searches of automobiles incident to arrest was set forth by *New York v. Belton*, 453 U.S. 454, 460-61 (1981), *abrogated by Gant*, 556 U.S. 332, which held that when an officer made a lawful custodial arrest of the occupant of an automobile, he could, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. *Belton* did not, however, provide authority for the warrantless search of a trunk incident to a lawful custodial arrest of an occupant of an automobile. *State v. Shepherd*, 118 Idaho 121, 123, 795 P.2d 15, 17 (Ct. App. 1990). For the search of the trunk to have been valid, another exception to the warrant requirement had to apply.[5] Based upon this record, a motion to suppress may well have succeeded and altered the outcome of Hoffman's case. Thus, there is a material issue of fact as to whether Hoffman's counsel rendered ineffective assistance in failing to file a motion to suppress, and the district court erred in summarily dismissing the petition.

## B. Guilty Plea

Hoffman also contends the district court erred in summarily dismissing his claim that his guilty plea was not entered knowingly, intelligently, or voluntarily because it was the result of ineffective assistance of counsel.[6] Specifically, he contends the plea was coerced by counsel's failure to request discovery, failure to file a motion to suppress, and failure to inform him of, or to pursue, defenses to the drug charge.

The district court summarily dismissed the claim, focusing almost exclusively on whether Hoffman was coerced into pleading guilty in the sense counsel pressured him to do so. In

---

[5]     According to Hoffman, the search was not conducted as part of an inventory. The State has not argued that his was an inventory search or that any other warrant exception applies.

[6]     Hoffman's claim in this regard appears to be largely directed at the alleged ineffective assistance of Martinez, his counsel at the time he entered his guilty plea.

finding no coercion, the district court referenced the guilty plea questionnaire Hoffman signed and the colloquy between Hoffman and the court at the entry of plea hearing. During the colloquy, Hoffman indicated he understood the questions; was not under the influence of controlled substances; had no complaints as to how his attorneys had represented him; had not been threatened into entering a guilty plea, but was expecting the State to recommend no more than retained jurisdiction at the sentencing hearing; and understood the possible consequences of pleading guilty and that he was "giving up constitutional and civil rights" by doing so.

However, it is clear that in his post-conviction petition, Hoffman argued more than just conventional pressure to plead guilty--he argued that counsel's ineffective assistance in failing to file a motion for discovery and failing to pursue possible defenses, including failing to file a motion to suppress, left him no choice but to plead guilty. As the district court recognized, the longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Dunlap*, 141 Idaho at 60, 106 P.3d at 386. However, where a defendant is represented by counsel during the plea process and enters a plea upon the advice of counsel, a relevant inquiry as to the voluntariness of the plea is whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, *Hill,* 474 U.S. at 56; *Lint v. State*, 145 Idaho 472, 481, 180 P.3d 511, 520 (Ct. App. 2008); *Huck*, 124 Idaho at 158, 857 P.2d at 637, which is the claim pursued by Hoffman on appeal.

In *Hill*, 474 U.S. at 59-60, the United States Supreme Court noted the inquiry involving counsel's advice to plead guilty often turns upon the likelihood that discovery of a defense or exculpatory evidence that was overlooked by counsel would have led counsel to change his or her recommendation as to the plea. This assessment, in turn, will largely depend upon whether the missed evidence or defense likely would have changed counsel's prediction as to the outcome of a trial. *Hill*, 474 U.S. at 59–60. *See also Bradley v. State*, 151 Idaho 629, 633, 262 P.3d 272, 276 (Ct. App. 2011). Accordingly, to obtain relief, Hoffman must demonstrate a decision to not plead guilty would have been rational under the circumstances. *Bradley*, 151 Idaho at 633, 262 P.3d at 276 (citing *Padilla v. Kentucky*, ___ U.S. ___, ___, 130 S. Ct. 1473, 1485 (2010)).

It is clear then, this issue should be framed not as whether counsel *coerced* Hoffman into pleading guilty, but rather, as whether counsel's advice constituted ineffective assistance under

9

the *Strickland* test. We addressed this issue in *Lint*, 145 Idaho at 481, 180 P.3d at 520, where Lint pled guilty to manufacturing methamphetamine in exchange for the State's dismissal of a persistent violator charge. On post-conviction, he claimed counsel coerced him to plead guilty by advising him the State had enough evidence to convict him and there were no plausible grounds to suppress the evidence. We concluded that taking into account Lint's averments as to the circumstances surrounding the discovery of the drugs, there was a genuine issue of fact as to whether a motion to suppress would have been successful and, therefore, whether counsel was ineffective for failing to file such a motion. *Id*. at 480, 180 P.3d at 519.

In regard to the effect of counsel's failure to file a motion to suppress on the voluntariness of Lint's guilty plea, we specifically noted that if the probable success of a motion to suppress was *questionable*, counsel may have performed competently by advising Lint to forgo the questionable motion and plead guilty in order to have the persistent violator sentencing enhancement dropped. *Id*. at 481, 180 P.3d at 520 (citing *Huck,* 124 Idaho at 160, 857 P.2d at 639). However, if the motion would have succeeded, counsel's advice that Lint should plead guilty was deficient and prejudiced the outcome of Lint's case. On this basis, we directed the district court to reconsider the merits of this post-conviction claim upon the holding of an evidentiary hearing. *Id*.

We conclude the district court erred in summarily dismissing Hoffman's claim that counsel rendered ineffective assistance of counsel by advising him there was "no defense" to the charge and, as a result, advising him to plead guilty. As we indicated above, Hoffman's post-conviction petition and affidavit presented facts that might entitle Hoffman to relief as to counsels' failure to file a motion to suppress, if he were able to prove them at a hearing.

We specifically note, however, the mere fact that a motion to suppress *may* have succeeded does not automatically render counsel's assistance ineffective and entitle a defendant to relief. As this Court recognized in *Huck*, an attorney may have tactical reasons for advising a defendant to negotiate a plea agreement without filing, or waiting for a decision on, a suppression motion--*even if* that motion may have been successful. *Huck*, 124 Idaho at 160, 857 P.2d at 639. Where counsel had advised Huck to plead guilty while a suppression motion was still pending, we stated, as a further basis that counsel's performance was not defective, that:

> The attorney testified at the hearing on the application for post-conviction relief that he believed Huck would have been convicted on at least one charge even if the evidence acquired through the search had been suppressed. He also felt the

motion would not be successful and that the prosecutor's attitude toward a plea bargain might be adversely affected if Huck pursued a frivolous suppression motion. It was defense counsel's province to make such strategy choices. We will not second guess strategic and tactical decisions of trial counsel in the absence of evidence that the decision was the result of inadequate preparation, ignorance of the law, or other shortcomings capable of objective evaluation. *State v. Chapman,* 120 Idaho 466, 469, 816 P.2d 1023, 1026 (Ct. App. 1991). In this case Huck's counsel was faced with a situation where, by pressing the suppression motion to a decision, he might not only lose one strategic negotiating position but might also lose the cooperation of the prosecutor in plea negotiations by pursuing a nonmeritorious motion. By going forward with the negotiations he was able to secure an agreement from the prosecutor to drop one felony count, to drop a request for an enhanced penalty, and to limit the incarceration that would be recommended. Huck has not shown that counsel's decision was unsound or that it resulted from any shortcomings in counsel's knowledge or preparation.

*Id. Cf. Carter v. State*, 108 Idaho 788, 794-95, 702 P.2d 826, 832-33 (1985) (stating "inexplicable" failure to move to suppress evidence constitutes ineffective assistance of counsel because it was obvious that statements would have been suppressed).

It is the very nature of the plea bargaining process that defendants seek to avoid risk while procuring a sentence well below what the law provides or would otherwise be expected should a full trial on the merits take place. Thus, while we recognize a defendant's entitlement to effective assistance of counsel in plea negotiations, *see Missouri v. Frye*, ___ U.S. ___, ___, 132 S. Ct. 1399, 1405 (2012); *Lafler v. Cooper*, ___ U.S. ___, ___, 132 S. Ct. 1376, 1384 (2012), this does not necessarily entitle a defendant to obtain relief in any case where a motion to suppress may have succeeded, when he has already received the benefit of the bargain. To do so would attack the very foundations of what has become an essential tool in the dispensation of criminal justice in this country.[7]

Finally, we conclude the district court also erred in summarily dismissing Hoffman's claim as to the involuntariness of his guilty plea where he alleged counsel was ineffective for erroneously informing Hoffman that "the fact that he was driving the vehicle was enough to convict him of possession" and failing to inform him of a possible defense to the crime--that

---

[7]     In *Missouri v. Frye*, ___ U.S. ___, ___, 132 S. Ct. 1399, 1402 (2012), the United States Supreme Court noted that 97 percent of federal convictions and 94 percent of state convictions are the result of guilty pleas.

possession requires "knowledge of the presence and nature of an item." Hoffman was charged with possession of methamphetamine under Idaho Code § 37-2732, which requires a general intent--that is, the knowledge that one is in possession of a controlled substance. *State v. Blake*, 133 Idaho 237, 240, 985 P.2d 117, 120 (1999). In his petition and accompanying affidavit, Hoffman alleged he was merely test-driving the vehicle, had only been in possession of the vehicle for approximately fifteen minutes, and the drugs found in the trunk did not belong to him, and therefore, he had a defense to the possession charge. We agree that Hoffman has asserted a genuine issue as to whether counsel was ineffective for failing to advise him of this possible defense, and we conclude summary dismissal was inappropriate.

## C.      Failure to File Discovery Request

Hoffman also contends the district court erred in summarily dismissing his claim that counsel rendered ineffective assistance by failing to file a discovery request. Specifically, he argues that by conducting discovery, counsel could have discovered a "lack of evidence" to prove the contraband even belonged to him because the only evidence connecting him to the paraphernalia and drugs was his mere presence in the vehicle. Hoffman asserts he would not have pled guilty had discovery been sought by counsel.

Even assuming counsel was deficient in failing to file a request for discovery, we conclude summary dismissal was appropriate because Hoffman failed to present a genuine issue of material fact that he was prejudiced by such a deficiency. As the State points out, the discovery Hoffman contends counsel should have requested (the circumstances surrounding his arrest and the subsequent search of the vehicle) is comprised of facts well within Hoffman's personal knowledge. In other words, regardless of counsel's pursuit of discovery, Hoffman possessed this information himself and was free to aid counsel's "discovery" of a possible defense. Therefore, Hoffman was not prejudiced by counsel's failure to procure this evidence from an alternate source and, as such, has not asserted a genuine issue of fact. Accordingly, we conclude the district court did not err in summarily dismissing this claim.

## D.      Failure to File Appeal and Failure to Consult on Appeal

Hoffman lastly argues the district court erred in summarily dismissing his claim that Mallard rendered ineffective assistance of counsel when he failed to adequately consult with Hoffman about filing a direct appeal and failed to file a timely notice of appeal despite

Hoffman's explicit request that he do so.[8] An attorney who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Beasley v. State*, 126 Idaho 356, 360, 883 P.2d 714, 718 (Ct. App. 1994). Where the defendant has not conveyed his or her intent with respect to an appeal, the court must first determine whether trial counsel consulted with the defendant about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000); *Goodwin,* 138 Idaho at 272, 61 P.3d at 629. In this context, the term "consult" means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. *Flores-Ortega*, 528 U.S. at 478; *Goodwin*, 138 Idaho at 272-73, 61 P.3d at 629-30. If counsel has consulted with the defendant, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with regard to an appeal. *Flores-Ortega*, 528 U.S. at 478; *Goodwin*, 138 Idaho at 273, 61 P.3d at 630. If counsel has not consulted with the defendant, then counsel's performance in failing to consult is itself deficient if a rational defendant would want to appeal or the particular defendant reasonably demonstrated to counsel that he or she was interested in appealing. *Flores-Ortega*, 528 U.S. at 480.

The district court summarily dismissed Hoffman's claim, finding the allegation that Hoffman specifically requested Mallard to file an appeal was "disproved by the record." The district court pointed out that the letters to and from Mallard (which Hoffman provided as support for his claim) include no request that Mallard file a direct appeal. We agree that none of the exhibits support Hoffman's contention that he requested Mallard to file an appeal within the requisite time period, and so, to the extent Hoffman asserted he requested Mallard file a notice of appeal *through* the attached letters, the letters themselves prove this is not true. Thus, there is no genuine issue of material fact as to whether Mallard rendered deficient performance in refusing an explicit request from Hoffman to file a direct appeal.

Hoffman also claims counsel was ineffective for failing to adequately consult with him regarding the filing of an appeal, specifically, by rendering incorrect legal advice in a letter following the court's retention of jurisdiction and failing to adequately consult with Hoffman

---

[8] Although, as we discuss below, Hoffman does not identify the issues he wished to pursue on appeal, to the extent he desired to challenge his sentence, we note that its full satisfaction date occurs in July 2012 and that issue will then be *moot*.

13

regarding an appeal after the district court relinquished jurisdiction. The State argues the issue was not raised below and is not preserved for review.

We agree that Hoffman's claim, that Mallard rendered ineffective assistance by giving him incorrect legal advice, is not preserved for appeal because Hoffman did not raise it below. *See* I.C. § 19-4908. In regard to Hoffman's claim that Mallard failed to adequately consult with him on the issue of an appeal more generally, we conclude summary dismissal was appropriate because while there may be some question as to whether Mallard performed deficiently by failing to ascertain Hoffman's wishes regarding the filing of an appeal, Hoffman has not asserted a genuine issue of fact as to whether a rational defendant in Hoffman's position would have desired an appeal or whether Hoffman sufficiently demonstrated to counsel an interest in appealing. As to the former, there is no genuine issue of fact because Hoffman does not allege what he desired to directly appeal, only vaguely asserting that there were nonfrivolous grounds on which to appeal. As to the latter, while Hoffman asserts he repeatedly attempted to contact Mallard by phone and by mail as to his appeal, the content of these attempts is unknown. There is no allegation he actually demonstrated to counsel, through these repeated attempts to contact him, a desire to appeal. Moreover, nearly all of the attempted contacts referenced by Hoffman either do not include a specific timeframe or, regarding those supported by the exhibits, came well after the time to appeal had run. Accordingly, we conclude Hoffman did not raise a genuine issue of material fact as to whether counsel acted deficiently by failing to properly consult with him concerning a direct appeal and conclude the district court did not err in summarily dismissing this claim.

## III.

## CONCLUSION

Because Hoffman asserted a genuine issue of material fact as to whether counsel was ineffective for failing to file a motion to suppress as to the stop and subsequent search, the district court erred in summarily dismissing this claim. The district court also erred in summarily dismissing Hoffman's claim that counsel rendered ineffective assistance by advising him to plead guilty, grounded in counsel's advice that there was "no defense" to the charge and counsels' failure to pursue a motion to suppress. Hoffman did not, however, make a prima facie showing he was prejudiced by counsels' failure to request discovery or that summary dismissal was erroneous in regard to his claim that counsel was ineffective for failing to properly consult

14

with him regarding an appeal and in failing to file a notice of appeal. Accordingly, the district court's judgment summarily dismissing Hoffman's petition for post-conviction relief is affirmed in part, vacated in part, and the case is remanded for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge LANSING **CONCUR.**