IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39584

| | | |
|---|---|---|
| **ARISTEO GOMEZ MARTINEZ,** | ) | **2013 Unpublished Opinion No. 519** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 30, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Aristeo Gomez Martinez appeals from the judgment summarily dismissing his petition for post-conviction relief. Specifically, he contends the district court erred in dismissing his claim that his defense counsel was ineffective for failing to appeal the denial of his Idaho Criminal Rule 35 motion. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Martinez filed a petition and affidavit for post-conviction relief alleging, inter alia, that his defense counsel was ineffective for failing to file an appeal from the denial of Martinez's Rule 35 motion.[1] Martinez alleged that he specifically asked his defense counsel to file an appeal, but counsel never filed any appeal. The district court issued a notice of intent to dismiss

_____
[1] While Martinez made additional other claims for post-conviction relief, he only appeals the dismissal of his claim for ineffective assistance of defense counsel.

all grounds for which Martinez had petitioned for post-conviction relief. As to Martinez's assertion that his defense counsel had failed to file the appeal he requested, the district court stated that Martinez had not made a prima facie showing of deficient performance because his allegation failed to establish that he made the request within the timeframe required for an appeal.[2] Despite having counsel appointed, Martinez did not respond to the notice of intent to dismiss. The district court summarily dismissed his petition and entered a judgment. Martinez appeals.

## II.

## ANALYSIS

Martinez asserts that the district court erred by dismissing his claim because he was not required to prove, at the summary dismissal stage, that he requested his defense counsel to file an appeal within forty-two days of the denial of his Rule 35 motion. Martinez contends his unrebutted allegation that he requested an appeal that was never filed is sufficient to create a material issue of fact, or in the alternative, that the only reasonable inference from his petition is that he did request the appeal within the forty-two-day time period.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not

---

[2] Idaho Appellate Rule 14(a) specifies that a notice of appeal must be filed "with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any [appealable] judgment or order." An Idaho Criminal Rule 35 motion, if filed within fourteen days of the entry of the judgment, extends the time for filing an appeal. I.A.R. 14(a).

included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to

3

relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Martinez contends his bare assertion that counsel failed to file an appeal upon his request was sufficient to survive summary dismissal,[3] citing our holding in *Beasley v. State*, 126 Idaho 356, 883 P.2d 714 (Ct. App. 1994) that if a defendant alleges counsel failed to follow his instruction to appeal, the defendant need not also demonstrate prejudice because the loss of the opportunity to appeal was itself sufficient prejudice. *Beasley*, he argues, does not include a requirement that a defendant allege that his request was made within forty-two days in order to survive summary dismissal. Martinez's reliance on *Beasley* for this proposition is not sound. *Beasley* merely holds that if deficient performance is shown, prejudice is presumed. However, if

---

[3] The entirety of Martinez's assertion in his post-conviction petition as to this claim was the following: "I asked [counsel] to appeal my Rule 35 decision and he never did it. I never heard anything more about it."

4

a defendant does not request that counsel file an appeal until after the timeframe for filing an appeal has passed, it is not deficient performance for counsel to fail to file such an appeal. Thus, the district court did not err in summarily dismissing Martinez's claim where Martinez made no assertion, even after the district court gave him notice of the deficiency in his original claim, as to when he made his alleged request that counsel appeal. *See Hoffman v. State*, 153 Idaho 898, 908, 277 P.3d 1050, 1060 (Ct. App. 2012) (holding summary dismissal of the claim that counsel was ineffective for failing to appeal was appropriate where the district court found the petitioner's assertion that he requested counsel file an appeal was not supported by the record and noting that none of the exhibits submitted by the petitioner indicated he requested counsel file an appeal "within the requisite time period").

Martinez also contends that even if an allegation as to the timeframe in which a request to appeal was made is required to survive summary dismissal, taking all reasonable inferences in his favor as the nonmoving party, he raised a genuine issue of material fact sufficient to survive summary dismissal. He contends that because he asserted that he asked counsel to appeal after the denial of his Rule 35 motion and nothing in his factual allegations, or the State's response, "even remotely suggests that [he] waited until the time for appeal had passed before he requested an appeal be filed," the "only reasonable inference" was that he made a timely request for appeal. We disagree. Where there is no evidence presented as to when a request was made, there is simply no basis on which to base an inference.

The district court did not err in concluding Martinez raised no genuine issue of material fact as to whether counsel was ineffective for failing to file an appeal. The judgment summarily dismissing Martinez's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

5