**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45910**

| | |
|---|---|
| WESTON DAVID ALLEN, | ) |
| | ) Filed: August 30, 2019 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan E. Wiebe, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

_____

LORELLO, Judge

Weston David Allen appeals from the district court's judgment denying his petition for post-conviction relief following an evidentiary hearing. Allen argues the district court erred in denying his petition because he proved, by a preponderance of the evidence, that his trial counsel was ineffective for failing to file a motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In his underlying criminal case, the State charged Allen with possession of a controlled substance (methamphetamine), driving without privileges, and failure to provide proof of insurance. Pursuant to a plea agreement, Allen pled guilty to possession of a controlled

1

substance; and the State dismissed the other two charges, agreed not to file additional charges (including a persistent violator enhancement), and agreed to recommend a unified four-year sentence with two years fixed. The State complied with the terms of the plea agreement, including the agreed upon sentencing recommendation. However, the district court imposed a unified seven-year sentence with three years fixed.

Allen filed a pro se petition for post-conviction relief, alleging that his trial counsel was ineffective for failing to file an I.C.R. 35 motion for reduction of sentence despite Allen's request to do so. Allen further alleged that neither the vehicle he was driving at the time of his arrest, nor the methamphetamine found during the inventory search of the vehicle, belonged to him. Allen specifically averred: "I don't feel I am liable or elegible [sic] for possession when I am not the owner of the vehicle."

Allen also filed a motion for appointment of counsel, which the district court granted. Post-conviction counsel subsequently filed an amended petition. In the amended petition, Allen incorporated the allegations and claims from his pro se petition and included a "further claim of ineffective assistance of counsel," which was that trial counsel was ineffective for failing to file a motion to suppress based on the allegedly "illegal impoundment and inventory search of [Allen's] vehicle." Allen asserted the impoundment and inventory search was illegal because it was done in violation of the Fourth Amendment.

The district court conducted an evidentiary hearing, at which Allen and the arresting officer testified. Following the evidentiary hearing, the district court entered an order denying post-conviction relief and a judgment dismissing Allen's petition. The district court concluded that Allen did not have standing to challenge the impoundment and search of the vehicle and that, even if he did, the impoundment and search complied with constitutional standards.[1] Allen appeals.

---

[1] At the evidentiary hearing, Allen did not present any evidence or argument on his claim that trial counsel was ineffective for failing to file an I.C.R. 35 motion. Accordingly, the district court declined to address the claim and Allen does not pursue that claim on appeal.

## II.
## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.
## ANALYSIS

Allen argues that the district court erred in concluding he was not entitled to post-conviction relief because the district court's finding that Allen did not have standing to challenge the impoundment and inventory search was incorrect and because the district court's analysis of the constitutionality of the impoundment and inventory search was incomplete. The State responds that the district court's finding regarding standing was supported by the evidence and the legal conclusion that the impoundment and inventory search complied with the Fourth Amendment was correct. We hold that Allen has failed to show clear error in the district court's finding regarding standing and that Allen failed to prove that trial counsel was deficient for failing to file a motion to suppress.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). Where the alleged deficiency is counsel's failure to file a motion to suppress, the court must engage in a two-part inquiry. *Wurdemann v. State*, 161 Idaho

713, 718, 390 P.3d 439, 444 (2017). The first part of the inquiry evaluates whether the motion, if filed, should have been granted. *Id.* A motion that would not have been granted by the trial court ends the inquiry, as counsel's conduct cannot have fallen below a reasonable standard for failing to object to admissible evidence. *State v. Payne*, 146 Idaho 548, 562, 199 P.3d 123, 137 (2008). If, however, the motion should have been granted, the petitioner is still required to overcome the presumption that the decision not to file the motion was within the wide range of permissible discretion and trial strategy. *Wurdemann*, 161 Idaho at 718, 390 P.3d at 444. Under certain circumstances, it is entirely plausible that a decision not to file a motion to suppress could be a strategic decision. *Id.* When evaluating an ineffective assistance of counsel claim, this Court does not second-guess strategic and tactical decisions, and such decisions cannot serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review. *Id.* at 720-21, 390 P.3d at 446-77. There is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance--that is, sound trial strategy. *Hoffman v. State*, 153 Idaho 898, 903, 277 P.3d 1050, 1054 (Ct. App. 2012).

The district court's analysis focused on the first part of the foregoing inquiry, i.e., whether the motion to suppress Allen claimed trial counsel should have filed would have been granted. The district court first concluded the motion would not have been granted because Allen failed to prove that he had standing to challenge the impoundment and inventory search of the vehicle and that, even if he did, the impoundment and inventory search did not violate the Fourth Amendment. The district court's determination with respect to standing was premised on the legal principle that, in order to challenge a search, the individual must establish a reasonable expectation of privacy in the item searched. *See Byrd v. United States*, ___ U.S. ___, ___, 138 S. Ct. 1518, 1530 (2018); *State v. Hanson*, 142 Idaho 711, 716 n.2, 132 P.3d 468, 473 n.2 (Ct. App. 2006). In the context of vehicles, authorization to drive the vehicle may be sufficient to confer standing, but the mere fact of driving is not. *Hanson*, 142 Idaho at 719, 132 P.3d at 476.

As to the district court's finding that Allen failed to prove he had standing, he contends the determination is erroneous. The specific finding challenged is the district court's statement that "Allen did not produce any viable evidence to prove that his employer either owned the car, or gave Allen express permission to use the vehicle" and, as such, Allen failed to show he had

4

standing. According to Allen, this finding is "directly contradicted by the record" because he "expressly testified" that his "boss" purchased the vehicle and gave Allen permission to drive it. Allen's precise testimony on who owned the vehicle was:

> It was kind of between two people, because my partner and I worked together, and he--I found the truck, and he paid the money down on the truck that I owed on it. He bought it for me, but I was paying him for the truck, for the diesel that I had.
> And I think I paid him some money on it, but I'm not really positive right now, because I'm just confused. But it was my truck.

Allen further testified that the vehicle was "basically" his, although he had not paid for it, and that he had permission to drive it, but the license plate on it (which was fictitious) belonged to his "partner" or "boss."[2] Allen, however, acknowledged that the title was not in his name or his partner's name and that, at the time of his arrest, he was unable to provide the officer with any contact information for his partner. When read in context, the district court's finding that Allen failed to produce any "viable evidence" of ownership or permission to drive the vehicle was not clearly erroneous because it reflects the district court's conclusion that Allen's assertions on this point at the evidentiary hearing were not credible, particularly in light of his sworn statements in his pro se petition that he did *not* own the vehicle. The district court expressly noted this discrepancy at the outset of its finding that Allen failed to produce any "viable evidence" that he had an ownership or possessory interest in the vehicle. Although Allen argues that the words "viable" and "credible" are distinct based on their dictionary definitions, we are not persuaded that any such distinction was made by the district court in the context of its decision and reject Allen's argument that the district court "arbitrarily" refused to consider his testimony.

Despite the discrepancy and the district court's related credibility determination, Allen asserts that the district court was required to accept his testimony as true because there was no contrary testimony or evidence presented at the evidentiary hearing. Allen is incorrect. Credibility determinations are within the province of the factfinder, and Allen has cited no authority that supports the proposition that the district court was not free to reject Allen's

---

[2] Allen explained that he sometimes refers to his "partner" as his "boss" because "he is older" and "it's kind of just a nickname."

testimony. The authority Allen relies on--*Hoffman v. State*, 153 Idaho 898, 277 P.3d 1050 (Ct. App. 2012) and *Jones v. United States*, 362 U.S. 257 (1960), *overruled by United States v. Salvucci*, 448 U.S. 83 (1980)--do not support his claim. In *Hoffman*, this Court held that summary dismissal was inappropriate because Hoffman alleged genuine issues of material fact that would entitle him to an evidentiary hearing at which he would have the opportunity to prove his claims. Alleging genuine issues of material fact sufficient to avoid summary dismissal does not mean a district court may not reject a petitioner's testimony at the evidentiary hearing as not credible. As this Court explained in *Larkin*, 115 Idaho at 73, 764 P.2d at 440, at a post-conviction evidentiary hearing, the petitioner's credibility, the weight to be given his or her testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the trial court. That Allen was the only witness to testify regarding actual ownership or authority to drive the vehicle did not compel the court to find in his favor. *See id.*

Allen's reliance on *Jones* is also misplaced because *Jones* did not address, much less reject, the principle stated in *Larkin*. Rather, *Jones* involved a legal question regarding whether the petitioner had articulated a sufficient interest in the premises to establish standing. The Court rejected the Government's argument that, for premises searches, ownership or dominion was necessary to confer standing and held that the petitioner's testimony that presence with permission at the time of the challenged search was sufficient. *Jones*, 362 U.S. at 265. That holding does not require a finding of error in this case. Indeed, since *Jones*, the United States Supreme Court has made clear that Fourth Amendment standing requires proof of a legitimate expectation of privacy in the area searched. *Salvucci*, 448 U.S. at 93-95. Allen has failed to identify any evidence other than his own testimony, which the district court rejected, that supports his assertion that he had standing to challenge the search such that a motion to suppress would have been granted.[3] Thus, Allen has failed to show error under the first part of the inquiry.

---

[3] To the extent Allen contends that the arresting officer's testimony that he believed Allen had standing was sufficient, it was not. It is well-settled that an officer's subjective beliefs are irrelevant. *Heien v. North Carolina*, 574 U.S. 54, 63 (2014).

Allen also failed to present any evidence relevant to the second part of the inquiry. Allen never testified that the facts provided to, or discovered by, trial counsel supported Allen's claim of standing. Indeed, as noted by the district court, Allen's initial pro se pleading reflects a different version--that neither the vehicle nor the methamphetamine belonged to Allen. Allen also presented no evidence from which to conclude that trial counsel's decision not to file a motion to suppress was based on inadequate preparation, ignorance of the law, or other shortcomings capable of objective review. Rather, Allen's argument is premised on the assertion that the motion would have been granted and, therefore, there was no reason not to file it. Such an assertion is insufficient to satisfy the second part of the applicable inquiry. *See Wurdemann*, 161 Idaho at 718, 390 P.3d at 444. In short, Allen presented no evidence to overcome the strong presumption that counsel's performance was within the wide range of reasonable professional assistance.

Allen has failed to show clear error in the district court's determination that he did not meet his burden of proving he had standing to challenge the impoundment and inventory search of the vehicle. Allen also failed to present any evidence to overcome the presumption that trial counsel's decision not to file a motion to suppress was strategic and tactical. Thus, the district court did not err in denying post-conviction relief.[4]

## IV.

## CONCLUSION

Allen has failed to show the district court erred in denying his petition for post-conviction relief. Accordingly, the judgment denying Allen's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[4] Because we have concluded that the district court did not err in denying relief based on its finding that Allen failed to prove he had standing, we need not address the district court's alternative conclusion or the parties' arguments regarding the constitutionality of the impoundment and inventory search.