IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40286

| PERRY WAYNE CADUE, | ) | 2014 Unpublished Opinion No. 352 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 6, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Perry W. Cadue, Boise, appellant pro se.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Perry Wayne Cadue appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Cadue was charged with aggravated battery, Idaho Code §§ 18-903, 18-907, for his involvement in a fight. The fight left the victim severely and permanently injured. At trial, defense counsel advanced the theory of self-defense because the victim had been the first aggressor and the victim had a knife in his front pocket. Cadue did not testify at trial and was later convicted by a jury of aggravated battery. The district court imposed a unified term of fifteen years with ten years determinate. Cadue appealed, asserting that his sentence was excessive and this Court affirmed. *State v. Cadue*, Docket No. 37227 (Ct. App. May 20, 2011) (unpublished).

1

Cadue filed a petition for post-conviction relief and the district court appointed counsel to represent him. The State filed a motion for summary dismissal and Cadue filed a written response. Following a hearing on the State's motion, the district court entered an order granting the State's request for summary dismissal. Cadue timely appeals.

## II.

## ANALYSIS

Cadue claims that the district court erred by granting the State's motion for summary dismissal. A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at

2

561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Cadue's petition for post-conviction relief asserts that his defense counsel provided ineffective assistance. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Cadue contends that his defense counsel provided ineffective assistance by: (1) failing to allow Cadue to testify at trial; (2) failing to file a motion to compel the production of the victim's knife; and (3) failing to file a motion to compel the production of a police report. With regard to Cadue's first claim, Cadue argues that had he been allowed to testify, he would have testified that the victim threatened him with a knife and that he was in fear of great bodily harm or death due to the threat. Cadue did not raise this issue in his initial petition for post-conviction relief,

but did raise the issue in his untimely response to the State's motion for summary dismissal. The district court noted that Cadue did not raise this issue in his initial petition and did not file an amended petition asserting this claim. All claims must be raised in the petition or by amended or supplemental petition. *See Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). Nonetheless, the district court addressed the issue and concluded that Cadue's failure to testify was the result of a strategic decision by defense counsel. We agree. Defense counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Cadue has provided no evidence that his decision not to testify was anything but a strategic decision. In fact, Cadue notes that counsel "clearly advised" him not to testify. Cadue has failed to argue that this strategic decision was based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.[1] Accordingly, Cadue has failed to establish a prima facie case that defense counsel provided ineffective assistance for failing to allow Cadue to testify at trial. Thus, the district court did not err in summarily dismissing this claim.

Cadue also claims that defense counsel provided ineffective assistance for failing to file motions to compel the production of a police report and the production of the victim's knife, which Cadue argues would have assisted in his self-defense claim. Specifically, Cadue asserts that the investigating police officer created a report that included information about the victim's knife and included statements showing that Cadue was in fear of great bodily harm. The State denied that such a report existed. The district court found that defense counsel's decision not to file a motion to compel was strategic. We conclude that the district court did not err in summarily dismissing these claims.

First, Cadue is unable to demonstrate that a police report discussing details of the knife, including statements showing Cadue's fear of bodily harm, even existed. Contrarily, the State contends that the police report never existed and that Cadue's claim is speculation. Cadue submitted an affidavit in support of his petition for post-conviction relief. The affidavit contained a partial police department incident report and a supplemental incident report attached

---

[1]     Indeed, as the district court pointed out at the hearing, it appears that defense counsel recommended that Cadue not take the witness stand because then the State could possibly cross-examine Cadue regarding a prior fight Cadue was involved in that resulted in the death of the victim.

as exhibits. Cadue contends that there could have been another incident report that was never turned over to him. As evidence of the alleged missing incident report, Cadue points to page five of the initial report which contains a list of evidence collected during the investigation. One listing is entitled, "Digital Audio - 215" and contains two reference numbers in the comments section. Cadue argues that the two reference numbers indicate that there were two incident reports filed by the investigating police officer and claims that one of the incident reports was withheld from him. Cadue's claim is unsupported. The reference numbers in the comment section of "Digital Audio - 215" provide no evidence of the existence of a second incident report. Cadue has failed to provide evidence sufficient to create a genuine issue of material fact that a second incident report existed and was withheld from him. His claims are bare allegations unsupported by admissible evidence. Bare or conclusory allegations, unsubstantiated by any fact, are inadequate to entitle a petitioner to an evidentiary hearing. *King v. State*, 114 Idaho 442, 757 P.2d 705 (Ct. App. 1988). Cadue's assertions do not meet the threshold requirements to support his application. Therefore, we conclude the district court did not err by summarily dismissing this claim.

Additionally, Cadue is unable to demonstrate how the failure to file a motion to compel the production of the knife prejudiced his defense in anyway. Evidence of the knife's existence was presented at trial. The victim testified that he had a knife in his front pocket during the fight. Several witnesses who saw the fight testified that the knife was never removed from the victim's pocket. Police officers testified that the knife was never taken into police custody as evidence. A nurse at the hospital testified that she gave the knife back to the victim upon his release from the hospital. It was undisputed that the victim of the fight had a knife in his possession. Defense counsel was able to cross-examine each witness regarding the knife and argue the knife's existence in closing argument. Cadue is unable to articulate how the lack of production of the knife itself prejudiced his attempt to establish self-defense, as admissible evidence regarding the knife was already before the jury. Additionally, a motion to compel the production of the knife would have been futile as Cadue failed to demonstrate the State had possession of the knife. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in determining whether the attorney's inactivity constituted deficient performance. *Hoffman v. State*, 153 Idaho 898, 904, 277 P.3d 1050, 1056 (Ct. App. 2012). Where the alleged deficiency

6

is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Hoffman*, 153 Idaho at 904, 277 P.3d at 1056. Accordingly, the district court did not err in summarily dismissing this claim.

## III.

## CONCLUSION

Cadue has failed to demonstrate reversible error. Accordingly, the district court's order summarily dismissing Cadue's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**