# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40585

| | | |
|---|---|---|
| FELICIA ELIZABETH PARSONS, | ) | 2014 Unpublished Opinion No. 539 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 2, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Felicia Elizabeth Parsons, Pocatello, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Felicia Elizabeth Parsons appeals from the district court's order summarily dismissing her petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Parsons pled guilty to two counts of robbery, Idaho Code § 18-6501. The district court sentenced Parsons to consecutive unified terms of thirty-eight years, with a determinate period of confinement of eighteen years. Parsons filed an Idaho Criminal Rule 35 motion, which the district court denied. In her direct appeal, Parsons asserted that the district court abused its discretion by imposing excessive sentences and by denying her Rule 35 motion. Parsons' judgments of conviction and sentences and the district court's order denying Parsons' Rule 35 motion were affirmed by this Court. *State v. Parsons*, Docket Nos. 39011, 39012 (Ct. App. Dec. 14, 2011) (unpublished).

Subsequently, Parsons filed a petition for post-conviction relief asserting she was provided ineffective assistance of counsel on the basis that counsel failed to file a motion to suppress. Parsons also requested appointment of counsel, which the court granted. A status conference was held, at which time the court ordered that any amended petition must be filed within thirty days and that the State would be given thirty days to answer. Parsons did not amend her petition or file any affidavits. Rather, she filed a request for an evidentiary hearing. The State filed a motion for summary dismissal claiming that Parsons failed to allege grounds upon which relief could be granted. Thereafter, Parsons' counsel was granted permission to withdraw representation. The district court notified Parsons that it intended to dismiss her petition and allowed her and the State to reply to the proposed dismissal within twenty days. Neither party filed additional material. In its order dismissing the petition, the district court found that there were "no material issues of fact remaining and no purpose would be served by any further proceedings." Parsons timely appeals.

## II.

## ANALYSIS

On appeal, Parsons argues that: (1) she was denied a proper mental health evaluation; (2) the judge made prejudicial remarks concerning Parsons not showing remorse; (3) counsel was ineffective for failing to explain the *Estrada*[1] waiver; and (4) she was in an incapacitated state of mind at the time of being given her *Miranda*[2] rights. However, the only claim in her petition for post-conviction relief is that she was provided ineffective assistance of counsel for counsel's failure to file a motion to suppress. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Thus, we will not address these arguments for the first time on appeal.[3] Further, the scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-

---

[1] *See Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] Additionally, Parsons failed to support any of these newly raised arguments with authority. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

2

4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Rodgers*, 129 Idaho at 725, 932 P.2d at 353; *Whitehawk v. State*, 116 Idaho 831, 832-33, 780 P.2d 153, 154-55 (Ct. App. 1989). Accordingly, this Court will only address the district court's decision to summarily dismiss Parsons' claim for post-conviction relief, based on the argument that she was provided ineffective assistance of counsel for failing to file a motion to suppress.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district

court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Hoffman v. State*, 153 Idaho 898, 902-03, 277 P.3d 1050, 1054-55 (Ct. App. 2012).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Hoffman*, 153 Idaho at 904, 277 P.3d at 1056. Where the alleged deficiency is

5

counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Hoffman*, 153 Idaho at 904, 277 P.3d at 1056.

In her petition for post-conviction relief, Parsons asserts she was provided ineffective assistance of counsel on the basis that counsel failed to file a motion to suppress. She did not support her petition with any affidavits setting forth facts which could support the motion, nor did she recite why they were not attached as required by statute. Idaho Code § 19-4903 provides that "[a]ffidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached." Parsons failed to support her petition with anything to support her claim. Further, Parsons did not amend her petition at any time or file any affidavits advancing her assertion that counsel was deficient for failing to file a motion to suppress, or that she was prejudiced by such a deficiency. In fact, she does not articulate what the motion to suppress would have addressed or how it would have affected her conviction. After the district court entered its notice of intent to dismiss, she still did not provide any additional materials supporting her claims.

Parsons must present admissible evidence establishing a material issue of fact as to the elements of her claim. Given that Parsons has not articulated what the motion to suppress would have addressed, it is impossible for this Court to determine whether the motion to suppress would have been granted by the district court, whether the granting of such motion would have affected the outcome of her conviction, or whether she would have chosen to go to trial rather than enter a guilty plea. While the court may look at pleadings, depositions, and admissions together with any affidavits on file, Parsons' petition or any additional material does not include admissible evidence supporting her claim, although she was given ample opportunity to do so. Therefore, the district court properly found that Parsons failed to establish any material issues of fact regarding her claim that she was provided ineffective counsel on the basis that counsel did not file a motion to suppress.

## III.

## CONCLUSION

Parsons failed to support her petition with any admissible evidence to support her claim of ineffective assistance of counsel. Therefore, the district court's order summarily dismissing Parsons' petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**