448 P.2d 649

Elmer Jackson TRAMEL, Plaintiff-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 10265.

Supreme Court of Idaho.

Dec. 26, 1968.

---◆---

Norman H. Nielson, Burley, for plaintiff-appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, Herman E. Bedke, Pros. Atty., of Cassia County, Burley, for defendant-respondent.

SPEAR, Justice.

This is an action under the Uniform Post-Conviction Procedure Act, I.C. § 19–4901 through § 19–4911, based primarily on the grounds that (1) appellant was not adequately and properly represented by counsel in one proceeding and (2) that his plea of guilty in another proceeding was involuntary because it was coerced.

The pertinent facts are that on March 9, 1967 appellant was convicted by a jury of the crime of grand larceny after a trial in which he was represented by court-appointed counsel. While awaiting the judgment of the court and pronouncement of a sentence appellant escaped from the Cassia County jail on March 12, 1967. He later was apprehended in the State of Pennsylvania and on May 9, 1967 was returned to face the charge of escaping after having been convicted of a felony, and for sentencing on his grand larceny conviction. The latter was accomplished on May 15, 1967. A different attorney was appointed by the court to defend appellant on the escape charge, and on May 16, 1967 appellant was transferred to the Idaho State Penitentiary to begin serving his sentence on the grand larceny conviction.

On or about July 12, 1967 appellant was returned from the penitentiary for a preliminary hearing on the escape charge, and he was bound over to the district court. An information was regularly filed against him on July 17, and on the same date appellant entered a plea of not guilty. On July 20, the date set for trial on the escape charge, appellant, in a surprise move, and in writing, changed his plea from "not guilty" to one of "guilty." The guilty plea was accepted by the trial court and after appellant properly waived any delay, the court forthwith entered judgment and sentenced appellant to an additional confinement in the State Penitentiary of not to exceed five years, such sentence to start after the completion of the sentence previously pronounced on the conviction of grand larceny.

Appellant filed a motion for post-conviction relief on September 18, 1967, and after arguments thereon the court permitted appellant additional time to amend his motion. The amended application was filed on November 14, 1967. The State moved to dismiss the amended application "on the grounds and for the reasons that the facts contained in the motion does not place the Movant under the purview of any remedy set out in chapter 25 of the 1967 Session Laws, nor any other provision of Idaho law." Appellant opposed this motion through his court-appointed counsel, being a separate and different counsel from the ones who had represented appellant in the trial of the grand larceny charge and in the proceedings in the escape charge.

After hearing arguments of counsel, without an evidentiary hearing at which appellant was produced and permitted to participate, appellant's application was dis-

missed as being one without substance on February 20, 1968. It is from this order that this appeal has been taken.

The appellant makes two principal assignments of error, i. e., (1) That he was not adequately and properly represented by counsel after the conviction of the grand larceny charge because (a) his court-appointed attorney incompetently informed him that he had no right to appeal from a jury conviction, and (b) the same attorney advised appellant that the attorney was appointed by the court and that the case [the appeal] was not one in which he could make any money and by being an indigent without funds to hire counsel appellant was deprived of his right of appeal. In conjunction with this assignment of error appellant contends that the lower court erred in not vacating the judgment of conviction and sentence, imposing a new sentence and allowing appellant to regularly appeal from the new judgment and sentence; and (2) that the court erred in not holding a formal or evidentiary hearing and making findings of fact and conclusions of law in disposing of the application of appellant.

To dispose of these contentions, it is necessary to examine in detail the pertinent allegations in appellant's motion or application for relief. After having stated that he had not appealed from the grand larceny conviction, the next question and appellant's answer on the form is:

"* * * state your reasons for not so appealing:

"(a) That I was represented by a Court appointed attorney; that I was informed by my Court appointed attorney that in his last case he had received the sum of $10,000.00 and that in the case where he represented me, that he was appointed by the Court and that the case was not one in which he could make any money.

"(b) That I was informed by my Court appointed attorney that I had no right of appeal from a jury conviction and that an appeal would not do me any good.

"(c) I was not informed that I had a right of appeal by my counsel and that the Court would have to appoint counsel for me in an appeal from my conviction.

"(d) I know that if I had the funds that I could have appealed my conviction on the basis of grand larceny, but because of the fact that I was an indigent and without funds, I did not have an opportunity to appeal and have my conviction reviewed by the appellate Court."

The next question and the pertinent portions of the answer thereto are as follows: "State concisely all the grounds on which you base your allegation that you are being held in custody unlawfully:

"(a) That I was not given a right to appeal from my conviction of grand larceny as I am not guilty of grand larceny; that the evidence established at my trial did not establish that I was guilty of grand larceny but was only guilty of taking an automobile without permission. That a review of my conviction by the Supreme Court would have established that the evidence was not sufficient to convict me on the crime of grand larceny, a felony, but would have established that if I was guilty of any offense it would have been a misdemeanor. That I was informed prior to my trial by Richard Smith, who was prosecuting attorney of Cassia County when I was first arrested, and before counsel was appointed for me, that I was not guilty of grand larceny, but only of taking an automobile without permission.

\* \* \* \* \* \*

"(d) That I entered my plea of guilty to escape because of the fact that I was under the impression and believed through correspondence with Mr. Herman Bedke, the prosecuting attorney, that if I didn't enter a plea that I would only be charged with another crime and thus I feel that I was coerced into entering a plea of guilty to the escape.

"(e) That after I was returned from the State of Pennsylvania on the escape charge, I was confined in a cell that had

no running water, but only a toilet; that I was refused the right to see any one; in fact, I did not see any one for a period of 18 hours; that after I was incarcerated in said cell, that I asked to be taken out to wash, but was denied this; I was denied any change of clothing; I was denied a toothbrush, I was denied any medical attention whatsoever; that I needed medicine for pains in my stomach and medicine for my nerves; that the cell that I was put in was not a maximum security cell; that I was placed in said cell strictly for punishment and that due to the circumstances and conditions of my confinement in the Cassia County jail under the supervision of Sheriff Ray Mitchell, I was coerced into changing my plea of not guilty to a plea of guilty and in fact, I made a written request to the District Judge, Sherman J. Bellwood and to Ray Mitchell that I be brought before District Court in that I believed that if I went to the Idaho State Penitentiary that my conditions of confinement in the Idaho State Penitentiary would be less detrimental to my physical, mental and emotional health than the conditions under which I was incarcerated in the County jail at Cassia County.

"(f) I believe that I was denied due process and at the present time I am unlawfully in the Idaho State Penitentiary because of the coercion to make me plead guilty to the escape charge."

■ The proceedings under the Idaho Uniform Post-Conviction Procedure Act are civil, rather than criminal, and the petitioner or applicant has the burden of proving the allegations which he contends entitles him to relief under the Act by a preponderance of the evidence. However, until the allegations are in some manner controverted by the State, they must be deemed to be true, no matter how incredible they may appear to either the trial court or to this court. The motion to dismiss, unsupported by affidavits or depositions, does not controvert the facts alleged in appellant's amended application.

■ If, at a full and fair evidentiary hearing, appellant proves by a preponderance of the evidence the assertions he has made, he is entitled to relief because he has been unlawfully denied his right of appeal of the conviction of grand larceny through the misconduct of inadequate and improper counsel. Gardner v. State, 91 Idaho 910, 435 P.2d 249 (1967); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Doyle v. United States, 366 F.2d 394 (1966).

■ Additionally, if at such a hearing appellant can prove by a preponderance of the evidence that he was, in fact, coerced to change his plea of "not guilty" to one of "guilty" on the escape charge, he is entitled to relief from that conviction. Goff v. State, 91 Idaho 36, 415 P.2d 679 (1966).

The facts involved in this cause readily distinguish it from Walker v. State of Idaho, 92 Idaho 517, 446 P.2d 886 (Nov. 7, 1968), for had the petitioner in that case proven any or all of the grounds he alleged as bringing him withing the purview of the Uniform Post-Conviction Procedure Act, he nevertheless would have been entitled to no relief. Therefore, the dismissal of the application or petition in *Walker* without affording appellant a full and fair evidentiary hearing was not erroneous.

It is understandable in the light of all the circumstances surrounding the events about which appellant now complains, a detailed enumeration of such circumstances being unncessary for it would merely unduly lengthen this opinion, why the learned trial judge found appellant's allegations unbelievable; but, as hereinbefore pointed out, no matter how incredible such assertions may appear, they must be assumed to be true until otherwise controverted.

■ Therefore it was error for the trial court to dismiss appellant's application on a mere motion by the State for such dismissal without any controversion of such alleged facts and the cause must be remand-

ed for further proceedings in accordance with the views expressed herein.

In view of the foregoing it is unnecessary to discuss appellant's other assignment of error.

Order reversed and cause remanded.

TAYLOR and McFADDEN, JJ., concur.

SMITH, C. J., and McQUADE, J., concur in the conclusion.