764 P.2d 439

**Robert F. LARKIN,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17188.**

Court of Appeals of Idaho.

Oct. 27, 1988.

R. Ted Israel, Deputy Public Defender, Pocatello, for petitioner-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order of the district court denying an application for relief under the Post–Conviction Procedure Act. The basis for the application was an allegation that the petitioner, Robert Larkin, was unconstitutionally being subjected to cruel and unusual punishment. We affirm.

The appellant, Robert Larkin, is serving an indeterminate sentence of fifteen years, imposed in 1976 following his conviction for second degree murder in Bannock County. He has been released twice on parole. However, each release subsequently was revoked upon proof that Larkin had violated a condition restricting his use of alcohol while on parole. After his return to the confines of the penitentiary because of his latest parole revocation, Larkin filed an application for post-convic-

tion relief with the district court in Bannock County.[1]

Asserting that he is an alcoholic and is not receiving treatment for alcoholism while he is in the penitentiary, Larkin petitioned the district court for relief from his sentence on the ground that he was being subjected to cruel and unusual punishment. The district court held an evidentiary hearing at which Larkin was the only witness who testified. Following that hearing, the district court ruled that Larkin had failed to prove the allegations of his petition. The court held:

> Even though the only witness called in the hearing was petitioner and the State submitted no evidence other than cross examination, this Court is unable to conclude either that [Larkin] has a serious alcoholic condition or that the Idaho Department of Corrections is unable to treat such a condition.... The evidence does support that petitioner's prior violatons [sic] of parole were solely related to substance abuse, but by his own testimony petitioner did not establish that he was an alcoholic in need of specific treatment. This Court is unable to conclude from the facts brought forth at the hearing that petitioner's claims have been proven and thus the Petition for Post Conviction Relief is DENIED.

Larkin challenges the court's decision on the ground that it is contrary to the allegations in his pleadings and to his uncontradicted testimony given at the hearing. He cites *Tramel v. State*, 92 Idaho 643, 448 P.2d 649 (1968) for the proposition that until the allegations in an application for post-conviction relief are controverted by the state, they must be deemed true no matter how incredible they appear. However, *Tramel* is inapposite to Larkin's case. *Tramel* involved an appeal from an order granting the state's motion to dismiss an application for post-conviction relief. The motion was granted before any evidentiary hearing on the application was held. On appeal, our Supreme Court reversed the dismissal, holding that until the allegations of the application were controverted, the facts alleged in the application must be deemed true. The Court noted that the state's motion to dismiss was unsupported by any affidavits or depositions, and as such did not "controvert" the facts alleged in Tramel's application. The Court remanded the case to allow Tramel an evidentiary hearing to prove the assertions in his petition.

 Here an evidentiary hearing was held. Larkin had the burden of proving, by a preponderance of the evidence, the allegations which he contended entitled him to relief under the Post–Conviction Procedure Act. I.C.R. 57(c); *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). The only evidence submitted by Larkin consisted of his own testimony. His credibility, the weight to be given to his testimony and the inferences to be drawn from the evidence all were matters solely within the province of the trial court. *Holmes v. State, supra;* I.R.C.P. 52(a). That he was the only witness to testify did not compel the court to find in his favor. *See, e.g., Lipps v. State*, 94 Idaho 185, 484 P.2d 734 (1971); *Roberts v. State*, 108 Idaho 183, 697 P.2d 1197 (Ct.App.1985); *Holmes v. State, supra.*

---

1. This is the second application filed by Larkin seeking post-conviction relief. *See State v. Larkin,* 102 Idaho 231, 628 P.2d 1065 (1981). In his first application, Larkin claimed he had not received effective assistance of counsel in connection with his trial. Although the court below did not address the general restriction against filing successive applications for post-conviction relief, *see* I.C. § 19–4908, there is no indication in the record that the grounds alleged in the present application existed at the time Larkin's first petition was filed. Also, although the present application was filed more than five years after Larkin's conviction in 1976, and

more than five years after the final disposition on Larkin's first application, *see* I.C. § 19–4902; *Mellinger v. State,* 113 Idaho 31, 740 P.2d 73 (Ct.App.1987), the grounds for relief now asserted by Larkin appear to have recently arisen and the state has not urged the applicability of the five-year limitation. Moreover, since the application raised an issue relating to Larkin's treatment (or lack thereof) while in confinement, the issue properly could be entertained by the district court, in the nature of a habeas corpus proceeding. *See Hays v. State,* 113 Idaho 736, 747 P.2d 758 (Ct.App.1987), *review granted,* see note appearing at 750 P.2d 367 (1988).

The district court determined that Larkin had not satisfied his burden of proving he was entitled to relief. On review, the trial court's decision that a burden of proof has not been met is entitled to great weight. *In Re Estate of Bogert,* 96 Idaho 522, 531 P.2d 1167 (1975); *Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). Also, a finding that a party has failed to prove a claim will not be set aside unless that finding is "clearly erroneous." I.R.C.P. 52(a); *Ustick v. Ustick, supra; Viehweg v. Thompson,* 103 Idaho 265, 647 P.2d 311 (Ct.App.1982). Here we cannot say the court's determination was clearly erroneous.

Although Larkin testified at length regarding his history of alcohol abuse, he also revealed that he was able to control his alcoholism while he was incarcerated, and—for a time—while he was on parole. He also admitted he had access to Alcoholics Anonymous meetings at the penitentiary but failed to attend or participate in that program. As noted by the district judge, Larkin "did not establish that he was an alcoholic in need of specific treatment." We agree.

The order denying relief to Larkin on his post-conviction application is affirmed.

BURNETT and SWANSTROM, JJ., concur.