**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46211**

| | |
|---|---|
| JUAN ROBERTO JIMENEZ, | ) |
| | ) Filed: March 20, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Order denying petition for post-conviction relief, <u>affirmed</u>.

Fyffe Law, LLC; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Juan Roberto Jimenez appeals from the denial of his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying case, a jury convicted Jimenez of aggravated battery (Idaho Code §§ 18-903, 18-907, and 19-2520) and being a felon in possession of a firearm (I.C. § 18-3316). Jimenez subsequently filed a petition for post-conviction relief asserting ineffective assistance of counsel and newly discovered evidence. In his petition, Jimenez argued his counsel had failed in the following ways: to seek a continuance or mistrial during Jimenez's withdrawal from pain medication, which violated his fundamental right to testify on his own behalf; to file a motion to suppress statements he made to a responding officer while being held at gunpoint; and to properly cross-examine or impeach the victim-witness. Additionally, he argued a new mental

1

health evaluation demonstrated the district court had incomplete information at the time of sentencing. The district court denied Jimenez's petition after an evidentiary hearing. He timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

### A. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho

433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

### 1. The district court did not err in determining trial counsel's performance (related to Jimenez's medical issues at trial) was not deficient

Jimenez argues that his trial counsel was deficient for failing to seek a continuance or a mistrial because withdrawal from Jimenez's medication left him without the capacity to testify. Specifically, Jimenez argues this diminished ability violated his constitutional right to testify on his own behalf.[1] Jimenez further asserts that "regardless of whether [he] was seemingly coherent . . . his condition certainly [a]ffected his testimony in ways that cannot be quantified." Jimenez makes no further assertion as to how the lack of medication affected his testimony or how the outcome of the trial would have been different if allowed to testify with the proper medication.

After hearing Jimenez was being held in jail prior to trial and, as a result, was having difficulty getting his prescribed medication, the district court found "[a]t no time during the entire trial, did [Jimenez] ever convey to counsel that [Jimenez] was unable to assist in his own defense" and that "[Jimenez] did not appear to struggle in any regard with his testimony." Jimenez's alleged pain, without more information, is not enough to demonstrate his attorney was deficient in his performance. Though Jimenez may have been experiencing discomfort without his prescribed medications, it was his obligation to demonstrate how it prejudiced him and how his testimony would have been different.

In essence, the key inquiry for the district court was whether counsel was deficient and how that deficiency prejudiced Jimenez. This Court's inquiry is whether the district court's determination was in error, specifically whether its findings of fact are supported by substantial

---

[1] The State argues that Jimenez asserts the constitutional violation for the first time on appeal. We agree and consider it only in reference to the ineffective counsel claim. "This Court will not consider issues raised for the first time on appeal." *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).

and competent evidence. Jimenez misunderstands these requirements, failing to point to any such deficiency or prejudice, arguing it simply *cannot be quantified*. This is an assertion. It does not demonstrate the district court's findings were clearly erroneous or how the district court erred in its application of the law. Therefore, because we cannot disturb factual findings unless they are clearly erroneous and Jimenez has failed to make such a claim, we can find no error.

### 2. The district court did not err in determining trial counsel's performance (related to the motion to suppress) was not deficient

Jimenez argues his trial counsel was ineffective for failing to file a motion to suppress because the statements in question were made prior to his receiving *Miranda*[2] warnings. The State argues that, on appeal, Jimenez fails to address or assign error to the district court's findings, making it impossible for this Court to determine if there was clear error. We agree.

The district court found Jimenez failed to show his counsel's performance was deficient or that there was any resulting prejudice from the alleged deficiency. It concluded Jimenez had not met his burden as to either prong of the *Strickland* test. First, he had not shown, by a preponderance of the evidence, that he would have been successful regarding a motion to suppress.[3] Second, even if the motion to suppress would have been granted, it still was not error to decline to file it because a nearly identical statement was properly admitted.

On appeal, Jimenez makes no attempt to satisfy the standard, asserting that "[his] freedom of movement was curtailed to a degree associated with formal arrest and a motion to suppress should have been granted. Regardless of whether [he] made a similar statement to a 911 operator, his statement to law enforcement *undoubtedly impacted* the jury . . ." (emphasis added). This assertion does not demonstrate prejudice. It does not demonstrate a reasonable probability that, but for the attorney's performance, the outcome of the trial would have been different. Further, Jimenez makes no argument as to how the statements were prejudicial when similar statements were admitted through alternative evidence. Moreover, Jimenez fails to

---

[2]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]     In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

address the facts found by the district court or assign error to those findings. With no assignment of error to the findings, we are left without any ability to apply our standard of review. *Bach v. Bagley*, 148 Idaho 784, 796, 229 P.3d 1146, 1158 (2010). Accordingly, the district court is affirmed.

### 3. The district court did not err in determining trial counsel's performance (related to the cross-examination of the victim-witness) was not deficient

Jimenez argues his trial counsel failed to adequately cross-examine the victim-witness and that this failure was not strategic. The district court found counsel's actions were strategic. It found the primary reason for not cross-examining the witness on inconsistent statements regarding who shot him included defense counsel's plan to argue Jimenez shot the victim in self-defense.

Jimenez asserts on appeal that trial counsel's rationale was not strategic and "[n]o reasonable trial strategy could explain trial counsel's failure to cross-examine [the witness] on critical issues at trial . . . ." Jimenez also cites the cumulative error doctrine with no clear argument as to how it is applicable: "Trial counsel was deficient by failing to raise the key issues to support [Jimenez's] defense and such deficiency individually and cumulatively prejudiced [Jimenez]." Again, these are assertions. The district court found counsel's actions were strategic. Jimenez is required to show that counsel's actions were not strategic because they were based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. Instead, Jimenez states the determination was in error without pointing to actual evidence undermining the district court's findings of fact. With no assignment of error to the findings, we are left without the ability to apply the appropriate standard of review. *Bach*, 148 Idaho at 796, 229 P.3d at 1158. Accordingly, the district court is affirmed.

## B. Newly Discovered Evidence

Jimenez argues that a neuropsychological evaluation revealed he had post-traumatic stress disorder and attention deficit disorder, making the sentencing court's information incomplete.

A request for a new trial in a post-conviction proceeding based on newly discovered evidence is the same as a motion for new trial subsequent to a jury verdict. *Johnson v. State*, 156 Idaho 7, 12, 319 P.3d 491, 496 (2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower

5

court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Heiner*, 163 Idaho 99, 101, 408 P.3d 97, 99 (Ct. App. 2017).

A motion for a new trial based on newly discovered evidence must disclose that: (1) the evidence is newly discovered and was unknown to the defendant at the time of the trial; (2) the evidence is material, not merely cumulative or impeaching; (3) it will probably produce an acquittal; and (4) failure to learn of the evidence was due to no lack of diligence on the part of the defendant. *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976).

The district court determined Jimenez failed to prove three elements of the claim: materiality, likelihood of producing an acquittal, and that the evidence could not have been discovered prior to sentencing. The State additionally argues Jimenez failed to prove all four elements of the claim because evidence of mental health available to the petitioner at the time of sentencing, simply a new diagnosis, cannot be characterized as newly discovered evidence. We agree with this argument and note that again Jimenez has failed, beyond bare assertion, to support his claim. He does not argue the elements of *Drapeau*, that the district court employed the wrong test, or provide evidence that sentencing would probably have been different but for the lack of neuropsychological evidence. For these reasons, Jimenez has failed to demonstrate the district court abused its discretion in denying his petition for post-conviction relief based on newly discovered evidence.

## IV.

## CONCLUSION

Jimenez failed to assign error to the district court's determinations and therefore to demonstrate the district court erred. Accordingly, we affirm the denial of his petition for post-conviction relief.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.