# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46798

DAXX E. DIAZ,

        Petitioner-Appellant,

v.

STATE OF IDAHO,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 11, 2020

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Riggins Law, PA; Paul E. Riggins, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Daxx E. Diaz appeals from the district court's judgment dismissing his petition for post-conviction relief. Diaz argues the court erred because he established ineffective assistance of counsel for failure to utilize an expert during his criminal trial. Because Diaz's trial counsel's strategic decision not to utilize an expert was not the product of inadequate preparation, ignorance of the relevant law, or other criteria capable of objective evaluation, Diaz failed to establish deficient performance as required for an ineffective assistance of counsel claim. Accordingly, the district court's judgment dismissing Diaz's petition for post-conviction relief is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After pleading guilty to driving without privileges and possession of a controlled substance, both misdemeanors, a jury found Diaz guilty of felony driving under the influence. Diaz entered a guilty plea to being a persistent violator. For felony driving under the influence,

the district court sentenced Diaz to thirteen years, with eight years determinate, and retained jurisdiction. Subsequently, the court relinquished jurisdiction and sua sponte reduced the determinate term of the sentence to five years, and this Court affirmed the sentence and judgment of conviction. *State v. Diaz*, Docket No. 44298 (Ct. App. May 23, 2017) (unpublished).

Diaz filed a petition for post-conviction relief alleging, among other claims, ineffective assistance of trial counsel for failure to consult and utilize a toxicologist during his criminal trial. Diaz reasoned if his counsel had consulted and utilized an expert to counter the testimony of the State's expert witnesses, there was a reasonable possibility the jury would have acquitted him of the driving under the influence charge. After the district court appointed counsel, Diaz filed an amended petition, which again alleged trial counsel's failure to consult with or retain an expert witness to testify in Diaz's defense.

The State filed a motion for summary disposition, and the district court issued a notice of intent to dismiss Diaz's amended petition for post-conviction relief. Diaz responded and provided an affidavit from a toxicologist that detailed his professional disagreements with the trial testimony of the State's experts. Subsequently, the district court ordered an evidentiary hearing on Diaz's ineffective assistance of counsel claim for failure to utilize a toxicologist. The court dismissed all other claims raised in the petition for post-conviction relief.

At the evidentiary hearing, Diaz's trial counsel testified that he met with Diaz well over a dozen times in preparation of Diaz's criminal trial and thought critically about the ways in which he could best present a compelling case. Trial counsel believed the best trial strategy for Diaz's defense was to make the simplest case to the jury. Instead of relying on toxicologists or pharmacists to tell the jury if Diaz was impaired, counsel believed it would be most effective to show the jury that Diaz did not appear impaired through the use of body camera footage at the time of the traffic stop. Although witnesses reported that Diaz was driving erratically, because Diaz appeared sober and compliant in the video footage, counsel viewed this evidence as the "biggest strength in the case"--the jury would not have to speculate on whether Diaz was impaired, "[t]hey can see it for themselves."

Although trial counsel acknowledged it was possible to retain an expert in Diaz's case, he testified he did not believe utilizing an expert would be beneficial at the time. Counsel testified that using an expert came with risk, particularly risk the jury would be confused by the testimony:

2

I'm not sure I felt at the time that having our own expert would have necessarily advanced the ball down the field, if you will, to where we wanted to go in an effective manner. That is, I'm not sure it would have done much more than possibly confuse the jurors.

Additionally, counsel testified that much of the expert testimony was not in dispute; although the report indicated that Diaz had alcohol and at least one depressant in his system, Diaz admitted that he consumed alcohol and at least one prescription drug earlier in the day. Therefore, instead of relying on an additional expert, counsel testified he believed he could sufficiently address the scientific evidence presented by the State's experts through effective cross examination and subsequently focus the defense's argument upon the video evidence, which counsel believed to be the strongest aspect of the case.

At the close of the evidentiary hearing, the district court found Diaz had not presented evidence to show his trial counsel's performance was deficient, as required for an ineffective assistance of counsel claim. After reading the law regarding deficient performance into the record, the court found:

> I know that I have listened to a lot of testimony this morning, but the case is very straightforward to me. I do not have any evidence, I do not have any evidence that [trial counsel's] decision not to consult with an expert was deficient performance. I have argument that it was deficient performance. I have argument that the Court can infer on its own that it was deficient performance. But I do not have any evidence that it was deficient performance.
>
> Indeed, [trial counsel] testified that he intentionally did not consult. Now, that's my word. He did not use the word "intentionally." But I'm characterizing it that way based upon the entirety of his testimony.
>
> He made a decision. He prepared the case. He spoke with the petitioner, he testified, at least 12 times. This was not lack of preparation. This was not ignorance of the law. There's no evidence in the record to the contrary.
>
> So I will make the finding the petitioner has not met his burden with respect to the first prong of *Strickland*.[1]

Additionally, the district court found Diaz failed to establish a reasonable probability that he was prejudiced by his attorney's performance under the second prong of *Strickland*. Therefore, the court dismissed Diaz's claim for post-conviction relief. Diaz timely appeals.

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Diaz alleges the district court erred in dismissing his petition for post-conviction relief because he established that his trial counsel's failure to consult an expert constituted deficient performance and had the defense utilized the expert, there was a reasonable possibility the jury would have acquitted Diaz of the charge. In response, the State argues the district court did not err because Diaz did not meet his burden to establish ineffective assistance of counsel or prejudice. The State reasons Diaz did not show deficient performance because his trial counsel made a strategic decision not to utilize an expert and Diaz did not establish prejudice because the State presented overwhelming evidence of his guilt.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.

4

*Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Because of the distorting effect of hindsight in reconstructing the circumstances of trial counsel's challenged conduct, to establish deficient performance a petitioner must overcome "a strong presumption that trial counsel was competent and that trial tactics were based on sound legal strategy." *State v. Dunlap*, 155 Idaho 345, 383-84, 313 P.3d 1, 39-40 (2013). Thus, trial counsel's strategic decisions made after a thorough investigation of the relevant law and facts are virtually unchallengeable. *Strickland*, 466 U.S. at 690-91. However, counsel's decisions made after a less than complete investigation are still reasonable if the limited investigation is supported by reasonable professional judgment. *Id.* Thus, trial counsel is permitted to develop a strategy that was reasonable at the time and "balance limited resources in accord with effective trial tactics and strategies." *Dunlap*, 155 Idaho at 384, 313 P.3d at 40.

There is no requirement that trial counsel must present testimony from an expert witness during a criminal trial or else render deficient performance. *See State v. Abdullah*, 158 Idaho 386, 498-99, 348 P.3d 1, 113-14 (2015) (decision of what witnesses to call is area where we will not second-guess counsel without evidence of inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation). Instead, determinations concerning ineffective assistance of counsel for failure to present expert testimony must be addressed on an individualized basis. *See id.* (Court engaged in factual determination of whether trial counsel's decision not to utilize expert witness was strategic.).

Here, Diaz has failed to demonstrate that his trial counsel's decision not to utilize an expert was based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. On the contrary, trial counsel testified that, after extensive preparation and consideration of the most effective and compelling way to present Diaz's

5

defense, he believed the use of an expert would detract from Diaz's strongest evidence, confuse the jury, and be unnecessary after an effective cross examination of the State's experts.

Additionally, Diaz's counsel testified that based upon the evidence the State would likely present during trial, he believed having an expert testify for the defense would be unnecessary because the evidence was either not in dispute or the defense had other ways to challenge it. For example, although citizen witnesses reported that Diaz was driving erratically, the video evidence showed Diaz appeared sober at the time of the traffic stop. Additionally, although toxicology reports indicated Diaz had alcohol and at least one depressant in his system, Diaz testified he consumed alcohol and at least one prescription drug earlier in the day. Therefore, presenting an expert toxicologist to argue about the results of Diaz's urinalysis would not contradict or affect Diaz's own testimony. Finally, the defense did not need an expert to present evidence that Diaz was not impaired by alcohol or cannabis because the State's evidence supported this conclusion; Diaz's breathalyzer test indicated his blood alcohol content was below the legal limit and a toxicologist for the State reported that he did not believe Diaz was impaired by cannabis while driving. Therefore, because trial counsel testified that he made a decision not to consult with or retain an expert based upon his tactical assessment of the case and belief that an expert would be unnecessary, the district court's finding that counsel made an intentional and strategic decision not to consult with an expert is supported by evidence in the record and will not be disturbed.

On appeal, Diaz did not establish this strategic decision was outside the wide range of reasonable, professional assistance that is sound trial strategy. Counsel testified that he could have utilized an expert for Diaz's defense but he made a reasonable, strategic decision not to. He feared it would ultimately detract from the best evidence the defense had. Further, he believed it to be unnecessary because, in light if Diaz's admission to consuming alcohol and at least one prescription drug earlier in the day, the State's theory rested more upon Diaz's reported erratic driving pattern than it did upon a detailed examination of the toxicology reports. Instead of calling an expert to testify, Diaz's counsel believed the reports of Diaz's erratic driving could be more efficiently addressed through use of the video evidence. Because strategic decisions based on a reasonable assessment and knowledge of the law are unreviewable, Diaz cannot establish deficient performance of his trial counsel as required for a successful ineffective assistance of counsel claim.

6

## IV.
## CONCLUSION

Diaz did not present evidence that his trial counsel's strategic decision not to utilize an expert was the product of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. Therefore, Diaz did not establish deficient performance. Accordingly, the district court did not err in finding Diaz failed to establish an ineffective assistance of counsel claim, and the judgment dismissing Diaz's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.