**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47518**

| | |
|---|---|
| GREGORY PHILIP PARK, | ) |
| | ) **Filed: November 19, 2020** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Hilverda McRae, PLLC; Adam J. Ondo, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Gregory Philip Park appeals from the district court's judgment dismissing his petition for post-conviction relief. Park argues the court erred in finding his trial counsel's performance was not deficient because the court based its decision on two factual findings that Park asserts are clearly erroneous. Because the district court's findings are supported by substantial and competent evidence, Park has not shown that the district court erred. Accordingly, the district court's judgment dismissing Park's petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Park pleaded guilty to driving under the influence of alcohol (DUI), a second felony DUI within fifteen years. Park was represented by counsel in the underlying criminal case. With the assistance of counsel, Park submitted a guilty plea advisory form in which he indicated that he was not under the care of a mental health professional and had not been diagnosed with a mental

1

health disorder. Park attested that the information in the guilty plea advisory form was true and correct. Although Park did not inform his counsel of any prior mental health disorders, Park's trial counsel requested a psychological evaluation, which the district court ordered. The psychological evaluation contained information describing Park's prior substance abuse treatment and previous brain injury he suffered, as well as his current mental health symptoms and diagnosis. Prior to sentencing, Park's trial counsel reviewed the results of the psychological evaluation and the Presentence Investigation Report (PSI) with Park. The trial court reviewed the psychological evaluation and PSI prior to sentencing Park.

At the sentencing hearing, the State recommended a unified sentence of ten years, with five years determinate. Park's counsel recommended a sentence of six months in county jail on work release to be served concurrently with, or followed by, DUI court, as Park had applied for and been accepted into DUI court. Next, the trial court offered Park the opportunity to address the court, but Park declined to make a statement. The court imposed a unified sentence of nine years, with four years determinate.

Park timely filed a petition for post-conviction relief. Park asserted two counts of ineffective assistance of counsel. Count one alleged that trial counsel failed to file a motion to suppress. Count two alleged that trial counsel was ineffective for failing to review the PSI and psychological evaluation with Park prior to sentencing. Park claimed that because trial counsel did not review the PSI and psychological evaluation, trial counsel failed to discover and present two important facts to the district court at sentencing: (1) Park completed sixteen hours of substance abuse treatment in 2014; and (2) due to a traumatic brain injury, Park suffers fatigue and struggles to sleep. The claim further alleged that if trial counsel had reviewed the PSI and psychological evaluation with Park, and/or independently investigated Park's mental health, there was a reasonable probability that Park would have received a more lenient sentence.

The State filed an answer, requesting the claims be dismissed and Park's petition for post-conviction relief be denied. The district court held an evidentiary hearing. The district court took judicial notice of the guilty plea advisory form, the psychological evaluation (submitted as a separate exhibit--Exhibit A), the PSI, and the minutes and transcript from the sentencing hearing in Park's underlying DUI case. Park also submitted an 82-page exhibit consisting of additional medical records obtained by his post-conviction counsel (Exhibit B).

During the post-conviction petition evidentiary hearing, Park was cross-examined by the prosecutor who asked what information from Exhibit B should have been presented to the district court at sentencing. Park was unable to identify anything specific in or identify anything from Exhibit B that was not contained in the psychological evaluation submitted at sentencing. Park conceded that he was incorrect in his assertion that the information about his prior alcohol treatment and head injury was not presented at sentencing because the information was contained in the psychological evaluation; Park agreed the psychological evaluation had been admitted as part of the information for the district court to consider during sentencing. At the conclusion of the hearing, the district court ordered the parties to submit post-hearing briefs.

The district court issued a memorandum decision and order dismissing Park's petition for post-conviction relief. The district court found that Park's trial counsel was not ineffective for failing to file a motion to suppress because Park failed to present evidence that there were any meritorious suppression claims and the failure of his trial counsel to pursue a meritless motion did not prejudice Park.[1]

Similarly, the district court found that Park's trial counsel was not ineffective for not investigating and presenting additional mitigating mental health evidence at sentencing. The district court found the psychological evaluation contained information related to Park's traumatic brain injury and his current mental health symptoms and that trial counsel had reviewed the PSI and the psychological evaluation with Park and provided Park an adequate opportunity to review the documents. Additionally, the district court found that Park was unable to identify any specific facts from Exhibit B that the trial court did not have at the time of sentencing that would have "potentially impacted the sentence the court imposed."

The district court concluded that trial counsel's investigation and presentation of Park's mental health evidence was well within the range of competence required of attorneys and that Park failed to show how trial counsel's conduct fell below an objective standard of reasonableness. Accordingly, the district court dismissed his petition for post-conviction relief. Park timely appeals.

---

[1] On appeal, Park does not challenge the district court's conclusion that he did not receive ineffective assistance of counsel as alleged in count one.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We

4

exercise free review of the district court's application of the relevant law to the facts. *Baxter v. State*, 149 Idaho 859, 862, 243 P.3d 675, 678 (Ct. App. 2010).

## III.

## ANALYSIS

Park argues the district court erred in finding that his trial counsel's investigation and presentation of Park's mental health evidence was reasonable. Park asserts the district court's decision relied on two erroneous factual findings that together demonstrate the district court's finding that trial counsel did not render deficient performance is clearly erroneous. First, Park asserts the district court's finding that trial counsel reviewed the PSI and psychological evaluation with him before sentencing was undermined by trial counsel's testimony at the evidentiary hearing that he did not remember exactly where or for how long he reviewed the PSI with Park. Second, Park asserts the district court's finding that Park did not identify specific records or entries within Exhibit B as potential mitigating information is irrelevant because the district court could have reviewed the entire exhibit and found mitigating evidence. In response, the State asserts that both of the district court's findings are supported by substantial and competent evidence in the record and, therefore, the district court correctly concluded that Park did not receive ineffective assistance of counsel.

### A. The District Court's Factual Findings are Supported by Substantial and Competent Evidence

Park argues the district court's factual finding that trial counsel reviewed the PSI and the psychological evaluation with him are not supported by substantial and competent evidence because during the post-conviction evidentiary hearing, trial counsel "backtrack[ed]" on whether he remembered reviewing the PSI with Park. First, Park misconstrues trial counsel's testimony. During the post-conviction hearing, trial counsel testified that he had a greater number of meetings with Park than he usually has with his clients and reviewed both the PSI and the psychological evaluation with Park for the length of time that Park desired. Although trial counsel did not remember the details of the meeting in which the PSI and the psychological evaluation were reviewed, counsel testified he was "sure" that he reviewed the documents with Park. Park testified that he did not recall reviewing the PSI or the psychological evaluation with his trial counsel. The district court recognized that the testimony was contradictory, but after weighing the evidence, found trial counsel's testimony to be more credible. Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of the witnesses and

5

to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). This determination is solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin*, 115 Idaho at 73, 764 P.2d at 440. Therefore, although conflicting evidence was presented, the district court's finding that trial counsel adequately reviewed the PSI and psychological evaluation with Park is supported by substantial and competent evidence and thus, is affirmed on appeal.

The district court also found that Park did not provide any specific factual information to support his claim that trial counsel failed to discover or present potential mitigating evidence at sentencing. During the post-conviction evidentiary hearing, Park was questioned by the prosecutor. The prosecutor asked Park to cite to any documents in Exhibit B that should have been, but were not, presented at sentencing. Park could not point to any specific document in the exhibit. It was Park's burden to prove by a preponderance of the evidence that potential mitigating evidence existed that was not presented to the trial court. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). By failing to identify any evidence in support of his factual assertions or specifically identify other potential mitigating information that the trial court did not have at sentencing, Park failed to meet his burden.[2]

Moreover, the district court explicitly found that at least one fact Park claims should have been presented at sentencing--his traumatic brain injury--was included in the psychological evaluation submitted to the district court at sentencing. As established during the cross-examination of Park during the post-conviction evidentiary hearing, Park acknowledged that: (1) page six of the psychological evaluation contains information about Park's previous car accident, which resulted in a coma, excessive fatigue, and difficulty sleeping; and (2) page seven contains additional information about Park's fatigue and sleep issues, and references Park's head injury. Park further conceded that he was incorrect in his assertion that information about his head injury was not presented at sentencing. Park's concession resolves any dispute about whether the district court had the information.

The prosecutor also elicited from Park that page six of the psychological evaluation noted that Park attended weekly treatment at Proactive in 2015, but he had not found the treatment to be relevant or beneficial. In his petition for post-conviction relief, Park does not

---

[2]     In fact, on appeal, Park cites to only one page of the 82-page attachment, page 37, and claims that page 37 documents his "2005 head injury, coma, chronic fatigue, and difficulty sleeping."

allege he had additional treatment in 2014, only that he received weekly treatment at Proactive. Whether the treatment was in 2014 or 2015 is irrelevant because it was the fact that Park participated in substance abuse treatment, not the date of the treatment, that Park argues was not presented to the district court.

Thus, the information that Park argues was not presented at sentencing, his traumatic brain injury and concomitant symptoms, as well as his prior substance abuse treatment, was actually presented to and considered by the district court at sentencing. Consequently, the district court's factual finding that trial counsel did not fail to discover or present potential mitigating evidence is supported by substantial and competent evidence and affirmed on appeal.

**B.    The District Court Correctly Denied Park's Claim of Ineffective Assistance of Counsel**

Because the district court's factual findings are supported by substantial and competent evidence, the district court correctly found Park failed to establish either that his counsel's performance was deficient or that Park was prejudiced by any alleged deficiency, as is required under *Strickland*. As noted above, the district court's finding that trial counsel did not perform deficiently is supported by substantial and competent evidence. As to the prejudice prong, the district court found Park was unable to identify any specific facts from Exhibit B that the trial court did not have at the time of sentencing that would have "potentially impacted the sentence the court imposed." Although the prejudice prong standard can be more accurately articulated as requiring the petitioner to provide evidence that demonstrates a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different, the district court's analysis and conclusion in this case comport with that standard.

Park argues that if his trial counsel had reviewed his PSI more thoroughly or had researched Park's medical and mental health history himself, there is "a reasonable probability that trial counsel would have realized that Petitioner had a traumatic brain injury that caused him to be excessively fatigued"; however, this information was presented to the district court at Park's sentencing hearing. Park further argues that if his counsel had explained that placing Park into a rehabilitative program would be more beneficial than sentencing him to prison, "there is a reasonable probability that the trial court would not have sentenced Mr. Park so harshly." The district court was aware that Park's trial counsel assisted Park in applying to DUI court and Park had been accepted into DUI court prior to sentencing. Trial counsel argued at sentencing that

7

local jail time, probation, and DUI court would be an appropriate sentence but straight incarceration was unwarranted. The district court rejected this proposed disposition and found that probation, even in conjunction with problem-solving court intervention, to not be the appropriate sentence. Park points to no other evidence that, had it been presented, would have reasonably resulted in a lesser sentence. Thus, Park has failed to establish there is a reasonable probability his sentence would have been less harsh and, consequently, Park cannot establish the prejudice prong of the *Strickland* analysis. Thus, the district court correctly dismissed Park's claims of ineffective assistance of counsel.

## IV.

## CONCLUSION

The district court's factual findings are supported by substantial and competent evidence in the record. Applying those findings to Park's ineffective assistance of counsel claim, Park has failed to show the district court erred when it concluded that Park did not receive ineffective assistance of counsel. Therefore, the district court's judgment dismissing Park's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.